IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re:<br>   Patricia Grasty | : | CHAPTER 13 |
| | : | NO.  19-14080 |
| | : | |
| | : | ___ ORIGINAL PLAN |
| | : | |
| Debtor | : | __X__  __2nd___  AMENDED PLAN |
| | : | |
| | : | DATE: November 21, 2019 |

**CHAPTER 13 PLAN**

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE NOTICE OF MEETING OF CREDITORS.**

| Part 1: Bankruptcy Rule 3015.1( c) Disclosures |
|---|
| __ Plan contains non-standard or additional provisions - see Part 9<br>__ Plan limits the amount of secured claim(s) based on value of collateral-see Part 4<br>__ Plan avoids a security interest or lien - see Part 4 and/or Part 9 |

| Part 2: Payment and Length of Plan-PARTS ( 2) & 2(e) MUST BE COMPLETED IN EVERY CASE | | | | |
|---|---|---|---|---|
| § 2(a)(1) Initial Plan: Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") | | | | $ 112,200.00 |
| Debtor shall pay the Trustee | $ 1,870.00 | per month for | 60 | months; and |
| Debtor shall pay the Trustee | | per month for | | months |

| | |
|---|---|
| ___ Other changes in the scheduled plan payments are set forth in § 2(d) **§ 2(a)(2) Amended Plan: Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ 115,914.26 The Plan payments by Debtor shall consists of 6 payments of $ 1,870.00 each; followed by 53 payments of $ 1,938.78 each and 1 final payment of $ 1,939.02. ☐ Other changes in the scheduled plan payments are set forth in § 2(d) | |
| § 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known): § 2(c) Alternative treatment of secured claims: ___ Sale of real property See § 7(c) below for detailed description ___ Loan modification with respect to mortgage encumbering property: See § 4(f) below for detailed description | |
| § 2(d) Other information that may be important relating to the payment and length of Plan: | |

§ 2(e) Estimated Distribution:

| | |
|---|---|
| A. Total Priority Claims (Part 3) | |
| 1. Unpaid attorney's fees | $ 2,000.00 |
| 2. Unpaid attorney's costs | $ |
| 3. Other priority claims (e.g., priority taxes) | $ |
| B. Total distribution to cure defaults (§ 4(b)) | $ 101,770.72 |
| C. Total distribution on secured claims (§§ 4(c) & (d)) | $ 102,322.83 |
| D. Total distribution on unsecured claims (Part 5) | $ |
| Subtotal | $ 104,322.83 |
| E. Estimated Trustee's Commission | $ 11,591.43 |
| F. Base Amount | $ 115,914.26 |

| Part 3:Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees) | | |
|---|---|---|
| 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise: | | |
| Name of Creditor | Type of Priority | Estimated amt to be paid |
| Chapter 13 Trustee | Administrative expense | Statutory commission |
| Counsel for Debtor | Administrative expense (Attorneys fee) | $ 2,000.00 |

§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

  _X_  **None.** If "None" is checked, the rest of § 3(b) need not be completed.

  ___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Amount of Claim to be paid |
|---|---|
|  |  |

**Part 4: Secured Claims**

§ 4(a) Secured Claims Not Provided for by the Plan:
  _X_  None. If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Secured Property |
|---|---|
| __If checked, debtor will pay the creditor(s) listed below directly in accordance with the original contract terms. |  |
| __If checked, debtor will pay the creditor(s) listed below directly in accordance with the original contract terms. |  |

§ 4(b) Curing Default and Maintaining Payments
  __ None. If "None" is checked, the rest of § 4(a) need not be completed. The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing.

| Creditor | Description of Secured Property and Address, if real prop. | Current Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage if applicable (%) | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| CitiMortgage | 1529 Saint James Place | $ 1,325.00 | $ 101,770.72 | | $ 101,770.72 |

**§ 4 ( c) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim**

___ **None.** If "None" is checked, the rest of § 4( c) need not be completed.
(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.
(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.
(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.
(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a) (5) (B) (ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value interest, the claimant must file an objection to confirmation.*
(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property & Address if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be Paid |
|---|---|---|---|---|---|
| Township of Abington | 1529 Saint James Place | $ 552.11 | | | $ 552.12 |

**§4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. §506**
  **X** **None.** If "None" is checked, the rest of § 4(d) need not be completed.

   The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

   (1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

   (2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amt of Claim | Present value interest | Estimated total payments |
|---|---|---|---|---|
|  |  |  | % | $ |
|  |  |  | % | $ |

**§ 4(e) Surrender**
  **X** **None.** If "None" is checked, the rest of § 4(e) need not be completed.

   (1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

   (2) The automatic stay under 11 U.S.C. § 362(a) with respect to the secured property terminates upon confirmation of the Plan.

   (3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
|  |  |

**§ 4(f) Loan Modification**
  _X_ **None.** If "None" is checked, the rest of § 4(f) need not be completed.
  (1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.
  (2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $_____ per month, which represents *(describe basis of adequate protection payment)*. Debtor shall remit the adequate protection payments directly to the Mortgage Lender.
  (3) If the modification is not approved by _____(date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender;or(B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

**Part 5: General Unsecured Claims**

**5(a) Specifically Classified Unsecured Non-Priority Claims**
  _X_ **None.** If "None" is checked, the rest of § 5(a) need not be completed

| Creditor | Basis for separate classification | Treatment | Amount of Claim | Amount to be Paid |
|---|---|---|---|---|
|  |  |  |  |  |

**§ 5(b) Timely Filed ~~General~~ Unsecured Non-Priority Claims**

  (1) Liquidation Test *(check one box)*

  __ All Debtor(s) property is claimed as exempt.

  __ Debtor(s) has non-exempt property valued at $ 120,000.00    for purposes of    § 1325(a)(4)and plan provides for distribution of $ _____ to allowed    priority and general unsecured creditors.

  **(2) Funding: § 5(b) claims to be paid as follows (check one box):**
  ____ Pro rata
  _X_ 100%
  ____ Other (Describe)

**Part 6: Executory Contracts & Unexpired Leases**

_X_ **None.** If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365 (b) |
|---|---|---|
|  |  |  |

**Part 7: Other Provisions**

**§ 7(a) General Principles Applicable to The Plan**

(1) Vesting of Property of the Estate *(check one box)*
   _X_ Upon confirmation
   ___ Upon discharge

(2) Subject to Bankruptcy Rule 3012, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under §1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§ 7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

| § 7(c) Sale of Real Property |
|---|
| _X_ **None.** If "None" is checked, the rest of § 7(c) need not be completed.<br><br>(1) Closing for the sale of<br>(the "Real Property") shall be completed within_____months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").<br><br>(2) The Real Property will be marketed for sale in the following manner and on the following terms:<br><br><br><br>(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.<br><br>(4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.<br><br>(5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline: |
|  |

| **Part 8: Order of Distribution** |
|---|
| **The order of distribution of Plan payments will be as follows:**<br><br>**Level 1:** Trustee Commissions*<br>**Level 2:** Domestic Support Obligations<br>**Level 3:** Adequate Protection Payments<br>**Level 4:** Debtor's attorney's fees<br>**Level 5:** Priority claims, pro rata<br>**Level 6:** Secured claims, pro rata<br>**Level 7:** Specially classified unsecured claims<br>**Level 8:** General unsecured claims<br>**Level 9:** Untimely filed, allowed unsecured claims<br><br>*\*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.* |

| **Part 9: Non Standard or Additional Plan Provisions** |
|---|
| Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.<br><br>__X__ **None.** If "None" is checked, the rest of Part 9 need not on be completed. |

| **Part 10: Signatures** |
|---|
| By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.<br><br>Date: _November 21, 2019_<br><br>                              /s/ Jon M. Adelstein, Esquire<br>                              Attorney for Debtor |